IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
BY:   William T. Salzer, Esquire          Attorneys for Plaintiff
          Identification No. 42657
Two Liberty Place · 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190
wsalzer@swartzcampbell.com

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY<br><br>                                        Plaintiff,<br><br>    v.<br><br>UFVS MANAGEMENT COMPANY, LLC; ROOSEVELT INN, LLC; ROOSEVELT MOTOR INN, INC.; YAGNA PATEL; M.B. A MINOR BY HER GUARDIAN, WILLIAM A. CALANDRA; ALPHA-CENTURION SECURITY, INC.; SAMSUNG FIRE & MARINE INSURANCE COMPANY, LTD.,<br><br>                                        Defendants. | CIVIL ACTION<br><br>NO. |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff, Nationwide Mutual Insurance Company ("Nationwide") individually and as successor by merger to Harleysville Mutual Insurance Company ("Harleysville"), by and through the undersigned counsel, and pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, institutes this action for declaratory judgment. In support of this civil action, Plaintiff avers, as follows:

1

## I. PARTIES

1. Plaintiff, Nationwide Mutual Insurance Company ("Nationwide") is incorporated in the State of Ohio and maintains a principal place of business at One Nationwide Plaza, Columbus, Ohio 43215.

2. Nationwide Mutual Insurance Company is the successor by merger to Harleysville Mutual Insurance Company ("Harleysville").

3. Defendant, UFVS Management Company, LLC is a limited liability company organized and existing under the laws of the State of New York with a principal place of business located at 287 Bowman Avenue, Purchase, New York.

4. Defendant Roosevelt Inn, LLC is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 7630 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152.

5. Defendant, Roosevelt Motor Inn, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 7600 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152.

6. Defendant M.B., a minor, by her Guardian, William A. Calandra, Esquire, is upon information and belief, an individual residing in the Commonwealth of Pennsylvania and is named as a potentially interested party.

7. Defendant, Yagna Patel, is upon information and belief, an individual residing in the Commonwealth of Pennsylvania and is named as a potentially interested party.

8. Defendant, Alpha-Centurion Security, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3720 West Chester Pike, Newtown Square, Pennsylvania 19073 and is named as a potentially interested party.

9. Defendant Samsung Fire & Marine Insurance Company, Ltd. ("Samsung") is a corporation organized and existing under the laws of the state of New York with a principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey. Samsung is named as a potentially interested party.

## II. JURISDICTION AND VENUE

10. This action is brought under the Declaratory Judgments Act, 28 U.S.C. §2201 and 28 U.S.C. §1332. This court has jurisdiction over this action because the amount in controversy is over $75,000.00 and the lawsuit involves citizens of different states.

11. Venue in this court is appropriate as the underlying litigation to which the declaratory judgment action relates is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania; one or more transactions or occurrences took place in Philadelphia County; and one or more defendants reside or maintain a principal place of business within this judicial district.

## III. THE UNDERLYING CIVIL ACTION

12. Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC and Yagna Patel (collectively "the Roosevelt Defendants") are defendants in a civil action brought by M.B., a minor, by her guardian William A. Calandra pending in the Court of Common Pleas of Philadelphia County, Docket March Term 2017, No. 00712 ("the Underlying

3

Action"). A true and correct copy of the Plaintiff's Amended Complaint in the Underlying Action is attached hereto as Exhibit "A" ("the Underlying Complaint").

13. The MB Plaintiff avers in the Underlying Complaint that she was born on September 3, 1999. Plaintiff alleges that she incurred injuries and damages starting when she was fourteen years old. Complaint, ¶5.

14. Based on the averments of the Amended Complaint, the minor Plaintiff first sustained an injury no earlier than September 2013 when she turned fourteen years old.

15. It is alleged in the Underlying Complaint that the sex traffickers rented a room at the Roosevelt Inn for the sex trafficking of the minor Plaintiff. Id. at ¶27. It is alleged that the Roosevelt Defendants had actual or constructive knowledge that they were renting or providing rooms for the sex trafficking of the minor-plaintiff. Id. at ¶35.

16. It is alleged that the minor Plaintiff was paid cash for engaging in sex acts with "Johns" and that she delivered the cash to the sex traffickers who used the cash as payment for the motel rooms. Id. at ¶61. It is alleged that the Roosevelt Defendants thereby derived financial gain from the sex trafficking activity. Id.

17. Plaintiff alleges that despite the actual or constructive knowledge of this activity, the Roosevelt Defendants did not report the conduct to law enforcement authorities, nor did they intervene, disrupt or otherwise stop the sex trafficking of the minor Plaintiff. Id. at ¶62.

18. It is alleged that the minor Plaintiff has suffered physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, mental distress and loss of life's pleasure. Based on the averments of the Complaint, these injuries could not have

transpired prior to September 2013 as the minor Plaintiff alleges that "she incurred injuries and damages starting when she was fourteen years old".

19. It is alleged in the Underlying Complaint that the Roosevelt Defendants engaged in reckless disregard for the health and welfare of the minor Plaintiff, warranting the imposition of punitive damages.

20. Plaintiff avers that the Defendants violated the Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. §3001 *et seq.* which makes it illegal to recruit, entice, harbor or transport any minor for the purpose of causing or permitting the minor to be engaged in a commercial sex act. Id. at ¶73. Plaintiff alleges that the Roosevelt Defendants, by and through their agents, did recruit, entice, harbor or transport the minor-Plaintiff, permitting her to be exploited and to be engaged in commercial sex acts.

21. Plaintiff avers that the Roosevelt Defendants were negligent by not reporting, intervening, disrupting or otherwise stopping the practice of sex trafficking of a minor. Id. at ¶89. It is alleged that as a result of such negligence, the Roosevelt Defendants financially profited from the sex trafficking and continue to so profit. Id. at ¶91.

22. It is alleged that the Defendants acted outrageously and in reckless disregard for the health and welfare of the minor Plaintiff, thereby warranting the imposition of punitive damages.

23. In the Underlying Complaint, it is alleged that the Roosevelt Defendants negligently committed the alleged acts and caused the minor Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress.

5

24. In the Underlying Complaint, it is alleged that the Roosevelt Defendants intentionally inflicted emotional distress on the minor Plaintiff.

25. In her answers to Interrogatories, Plaintiff stated that she did not recall the exact date on which she first engaged in commercial sex acts at the Roosevelt Inn but recalled that she was trafficked at the Roosevelt Inn *beginning* in approximately the summer of 2013 and continuing in 2014. See Plaintiff's Answer to Interrogatory Nos. 18 and 19, a true and correct copy of which is attached as Exhibit B.

26. Based on the allegations of the Amended Complaint and as further clarified by her answers to Interrogatories, the minor Plaintiff first sustained bodily injury by reason by reason of sex trafficking after she was turned fourteen years of age and after the expiration of the Harleysville and Nationwide insurance policies.

## IV.    The Harleysville and Nationwide Insurance Policies

27. Harleysville Mutual Insurance Company issued Policy No. MPA 90792M to UFVS Management Company ("UFVS") dba Roosevelt Inn, LLC covering the period April 1, 2012 through April 1, 2013. The Policy confers Commercial General Liability insurance coverage under ISO Form CG 0001 (12 04). The Roosevelt Motor Inn, Inc. is not a Named Insured or additional insured. A true and correct copy of the Harleysville Declarations and pertinent policy forms are attached as Exhibit "C".

28. Nationwide Mutual Insurance Company is the successor by merger to Harleysville Mutual Insurance Company by way of merger dated May 1, 2012.

29. Nationwide Mutual Insurance Company issued Policy No. MPA 90792M to UFVS for the period April 1, 2013 to April 20, 2013. Said policy confers Commercial General

6

Liability ("CGL") insurance pursuant to Form CG 0001 (12 07). A true and correct copy of the Nationwide Declarations and pertinent policy forms are attached as Exhibit "D".

30. The CGL Policy states at Section I Coverage A, in pertinent part, as follows:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages due to ... "bodily injury" to which this insurance applies. We have the right and duty to defend the insured against any suit seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for "bodily injury" ..." to which this insurance does not apply.

   b. This insurance applies to "bodily injury... only if.":

   (1) The "bodily injury" ... is caused by an "occurrence" ...;
   (2) The "bodily injury" occurs during the policy period.

The Policy at Coverage A, Paragraph 2, contains exclusions to coverage which, in pertinent part, state:

   2. Exclusions

   This insurance does not apply to:

   **Expected or Intended Injury**

   "Bodily injury" expected by or intended from the standpoint of the insured...

31. The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions".

32. The Policy at Coverage B provides in pertinent part as follows:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We have the right and duty to defend the insured against any suit seeking those damages. However, we will have no duty

7

to defend the insured against any suit seeking damages for "personal and advertising injury" ..." to which this insurance does not apply.

    b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed... during the policy period

33. The Policy at Coverage B. Paragraph 2. removes from the scope of coverage for "personal and advertising injury":

    **a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    **d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

34. The Policy definition of a "personal and advertising injury" includes the offense of "false arrest, detention or imprisonment".

35. Following the expiration of the Nationwide Policy, UFVS dba Roosevelt Inn, LLC was insured by the Samsung Fire & Marine Insurance Company which issued Policy CPP 842-00 which was in effect for the period April 20, 2013 through April 20, 2014 and renewed for the ensuing policy year under Policy No. CPP 842-01. A true and correct copy of the Declarations for the Samsung Policies is attached as Exhibit E. The allegations of sex trafficking and injury to the minor Plaintiff took place during the term of the Samsung Policies and not the Harleysville or Nationwide Policy.

## COUNT I
## DECLARATORY JUDGMENT
## NO BODILY INJURY DURING NATIONWIDE POLICY TERM

36. Plaintiff incorporates the averments of Paragraphs 1 through 35 as if fully set forth herein.

37. The allegations of the Amended Complaint in the Underlying Action evidence that the Plaintiff was not injured by reason of sex trafficking at the Roosevelt Inn until after the minor Plaintiff turned 14 years of age which based on her stated date of birth in the Amended Complaint, did not take place prior to September 3, 2013. This is after the expiration of the Harleysville and Nationwide insurance policies.

38. Plaintiff's Answers to Interrogatories confirm this fact as Plaintiff states that she was not subjected to sex trafficking until the summer of 2013 which continued in 2014.

39. As Plaintiff was not injured by reason of sex trafficking at the Roosevelt Inn until after April 20, 2013, the minor Plaintiff does not allege and could not have sustained a "bodily injury" on or before April 20, 2013 by reason of any actionable conduct by the Roosevelt Defendants.

40. Plaintiff has acknowledged in verified answers to Interrogatories that she was not subjected to sex trafficking until the summer of 2013, several months after the expiration of the Nationwide policy; therefore, no injurious event could have taken place during the Nationwide policy term.

41. Given that the Amended Complaint does not evidence a potential that the minor Plaintiff seeks recovery of damages based on a "bodily injury" prior to April 20, 2013 by

9

reason of the conduct of the Roosevelt Defendants, Nationwide does not have a duty to defend the Roosevelt Defendants.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Nationwide Mutual Insurance Company is not obligated to defend or indemnify UFVS Management Company, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. or Yagna Patel in the Underlying Action under the policies issued by Nationwide Mutual Insurance Company or Harleysville Mutual Insurance Company and requests such further and other relief that the court deems just and appropriate.

## COUNT II
## DECLARATORY JUDGMENT
## NO PERSONAL AND ADVERTISING INJURY DURING POLICY TERM

42. Plaintiff incorporates the averments set forth in Paragraphs 1 through 41 as if fully set forth at length.

43. Assuming *arguendo* that the averments of the minor Plaintiff's Amended Complaint were to describe a "personal and advertising injury" offense under Coverage B, no such offense took place during the Nationwide or Harleysville policy terms as Plaintiff has verified that the sex trafficking is alleged to have taken place at the Roosevelt Inn in the summer of 2013, months after the expiration of the Nationwide policy.

44. As the Complaint does not describe facts which would place the date of a "personal and advertising injury" offense prior to April 20, 2013, Nationwide has no duty to defend the Roosevelt Defendants.

10

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Nationwide Mutual Insurance Company is not obligated to defend or indemnify UFVS Management Company, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. or Yagna Patel in the Underlying Action under the policies issued by Nationwide Mutual Insurance Company or Harleysville Mutual Insurance Company and requests such further and other relief that the court deems just and appropriate.

**COUNT III**
**DECLARATORY JUDGMENT**
**PUBLIC POLICY BARS COVERAGE FOR ALLEGATIONS OF SEX TRAFFICKING**

45. Plaintiff incorporates the averments of Paragraphs 1 through 44 as if fully set forth herein.

46. Pennsylvania enacted amendments to the criminal code which provides that a person commits a criminal offense if the person knowingly traffics or attempts to traffic another person, knowing that the other person will subjected to forced labor or services. P.L. 945, section 3002(a). The law provides with respect to the trafficking of a minor that the offense is a first-degree felony.

47. Trafficking may be shown if the person recruits, entices, solicits, harbors, transports, provides, obtains or maintains an individual if the person knows or recklessly disregards that the individual will be subjected to involuntary servitude or knowingly benefits financially or receives anything of value from any act that facilitates any such activity. P.L. 945, section 3011 (a).

11

48. The minor Plaintiff avers that the Roosevelt Defendants financially profited from commercial sex acts on the premises in violation of the anti-Human Trafficking Law and that the Defendants acted with reckless disregard of her right to be free from such conduct. It is alleged that by harboring the minor-Plaintiff for commercial sex acts, the Roosevelt Defendants caused her to suffer harm. Id. at ¶66.

49. It is alleged that despite actual or constructive knowledge of the signs of human trafficking at the Roosevelt Inn, the Roosevelt Defendants failed to take any action to stop the sex trafficking of the minor Plaintiff.

50. The anti-Human Trafficking Law represents a declaration of Pennsylvania public policy that those persons that have financially profited from commercial sex trafficking, have harbored sex traffickers and are legally liable for such conduct, are subject to criminal sanction for the purpose of preventing such activity from taking place.

51. Indemnification of those persons who have engaged in acts or omissions that violate the anti-Human Trafficking Law is contrary to the public policy of Pennsylvania as indemnification would remove a deterrent of such acts or omissions.

52. Indemnification of those persons who have financially benefitted from a sexual assault of a minor is contrary to the public policy of Pennsylvania.

53. It is against public policy to insure against liability stemming from criminal acts. Indemnification of the Roosevelt Defendants for liability based on alleged violation of the anti-Human Trafficking Law or for common law tort claims premised on the commission of criminal acts or omissions is barred as a matter of public policy.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Nationwide Mutual Insurance Company is not obligated to defend or indemnify UFVS Management Company, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. or Yagna Patel in the Underlying Action under the policies issued by Nationwide Mutual Insurance Company or Harleysville Mutual Insurance Company and requests such further and other relief that the court deems just and appropriate.

## COUNT IV
## DECLARATORY JUDGMENT
## NO OCCURRENCE

54. Plaintiff incorporates the averments of Paragraphs 1 through 53 as if fully set forth herein

55. To the extent that the minor Plaintiff establishes that the Roosevelt Defendants were actually or constructively aware that minors were subjected to sex trafficking at the Roosevelt Inn, the Roosevelt Defendants were actually or constructively aware that the minors including the minor Plaintiff were knowingly and intentionally subjected to injurious conduct.

56. The Roosevelt Defendants' failure to take any action to prevent such conduct from taking place in the face of actual or constructive knowledge of sex trafficking of minors, does not constitute an "accident" as defined by the Policies as such injuries were not fortuitous, but were the known and expected consequence of sex trafficking.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Nationwide Mutual Insurance Company is not obligated to defend or indemnify UFVS Management Company, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. or Yagna Patel in the Underlying Action under the policies issued by Nationwide Mutual Insurance Company or Harleysville Mutual Insurance Company and requests such further and other relief that the court deems just and appropriate.

## COUNT V
## DECLARATORY JUDGMENT
## EXPECTED OR INTENDED INJURY EXCLUSION

57.  Plaintiff incorporates the averments of Paragraphs 1 through 56 as if fully set forth herein.

58.  There is no coverage under Coverage A of the Policies for "bodily injury" expected or intended from the standpoint of the insured.

59.  The Complaint in the Underlying Action set forth averments that the Roosevelt Defendants actually or constructively knew that the minor Plaintiff was a victim of sex trafficking at the Roosevelt Inn but took no actions to prevent such trafficking. It is also alleged that the Defendants intentionally inflicted emotional distress on the minor Plaintiff.

60.  Any resulting bodily injury is not covered under the Policy as it was expected or intended by the Roosevelt Defendants or was substantially certain to result from the Defendants' acts or omissions in failing to prevent sex trafficking.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the

Court declare that Nationwide Mutual Insurance Company is not obligated to defend or indemnify UFVS Management Company, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. or Yagna Patel in the Underlying Action under the policies issued by Nationwide Mutual Insurance Company or Harleysville Mutual Insurance Company and requests such further and other relief that the court deems just and appropriate.

## COUNT VI
## DECLARATORY JUDGMENT
## NO PERSONAL AND ADVERTISING INJURY OFFENSE

61. Plaintiff incorporates the averments of Paragraphs 1 through 60 as if fully set forth herein.

62. Coverage B of the Policy confers insurance for enumerated "personal and advertising injury" offenses which includes the torts of false arrest, detention or imprisonment.

63. The allegations of the Underlying Complaint are premised on violations of state law, negligence, negligent infliction of emotional distress and intentional infliction of emotional distress. The Amended Complaint does not include claims of false arrest, detention or false imprisonment.

64. In the absence of averments which are encompassed by a "personal and advertising injury" offense, no coverage is conferred under Coverage B.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Nationwide Mutual Insurance Company is not obligated to defend or indemnify UFVS Management Company, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. or

Yagna Patel in the Underlying Action under the policies issued by Nationwide Mutual Insurance Company or Harleysville Mutual Insurance Company and requests such further and other relief that the court deems just and appropriate.

## COUNT VII
## DECLARATORY JUDGMENT
## KNOWING VIOLATION EXCLUSION

65. Plaintiff incorporates the averments of Paragraphs 1 through 64 as if fully set forth herein.

66. The Policy removes liability coverage for "personal and advertising injury" caused by the insured with the knowledge that the act would inflict a "personal and advertising injury". Assuming *arguendo* that the minor Plaintiff seeks recovery of damages on account of a "personal and advertising injury" offense, the failure to take actions to prevent sex trafficking at the Roosevelt Inn, may knowingly have caused the minor Plaintiff to have sustained injury.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Nationwide Mutual Insurance Company is not obligated to defend or indemnify UFVS Management Company, Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. or Yagna Patel in the Underlying Action under the policies issued by Nationwide Mutual Insurance Company or Harleysville Mutual Insurance Company and requests such further and other relief that the court deems just and appropriate.

16

## COUNT VIII
## DECLARATORY JUDGMENT
## CRIMINAL ACTS EXCLUSION

67. Plaintiff incorporates the averments of Paragraphs 1 through 66 as if fully set forth herein.

68. In the alternative, should the Court determine that the Underlying Complaint sets forth a claim for damages based on a "personal and advertising injury" offense, the Policy removes coverage for any "personal and advertising injury" offense arising out of criminal act committed by or at the direction of the insured.

69. The Amended Complaint sets forth averments that the Roosevelt Defendants violated the Pennsylvania Human Trafficking Law which provides that it is a felony of the second degree to harbor an individual if the person knows or recklessly disregards that the person will be subjected to involuntary servitude; or knowingly benefits financially or otherwise or receives anything of value that facilitates such activity such as harboring an individual who the defendant knows will be subjected to involuntary servitude or recklessly disregards such fact.

70. The allegations set forth in the Underlying Complaint, if credited, establish the commission of a criminal act by one or more of the Roosevelt Defendants. The Policy does not confer coverage for any damages caused by a "personal and advertising injury" offense if that insured violated criminal law.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Defendants and further requests that the Court declare that Nationwide Mutual Insurance Company is not obligated to defend or

17

## COUNT X
## DECLARATORY JUDGMENT
## ROOSEVELT MOTOR INN INC. IS NOT AN INSURED

74. Plaintiff incorporates the averments of Paragraphs 1 through 73 as if fully set forth herein.

75. Roosevelt Motor Inn, Inc. is and/or was a Pennsylvania business corporation.

76. The Roosevelt Motor Inn, Inc. is not listed as a named insured or additional insured and does not qualify as an omnibus insured under the Who Is An Insured section of the Policy.

77. As the Roosevelt Motor Inn, Inc. is not an Insured under the Nationwide Policy (ies) that are at issue in this lawsuit, Nationwide is not obligated to defend or indemnify the Roosevelt Motor Inn, Inc.

**WHEREFORE**, Nationwide Mutual Insurance Company respectfully requests that judgment be entered in its favor and against the Roosevelt Motor Inn, Inc. and further requests that the Court declare that the Roosevelt Motor Inn, Inc. is not an Insured under the Policy such that Nationwide Mutual Insurance Company is not obligated to defend or indemnify the Roosevelt Motor Inn, Inc.in the Underlying Action.

SWARTZ CAMPBELL LLC

_____
William T. Salzer
Attorneys for Plaintiff
Nationwide Mutual Insurance Company